**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ISRAEL ROJAS-RODRIGUEZ,

     Applicant,

v.                                           No. CV 13-892 KG/KBM

TIMOTHY HATCH,

     Respondent.


<u>ORDER TO SHOW CAUSE</u>

This matter is before the Court, *sua sponte* under rules 1(b) and 4 of the Rules Governing Section 2254 Cases, on Petitioner's Petition Under 28 U.S.C. §2241 For A Writ Of Habeas Corpus. Petitioner, who is not an American citizen, asserts in his petition (Doc. 1, p. 1) that he is challenging immigration detention. On the other hand, he is confined in a state correctional facility, serving a sentence imposed by a New Mexico state court in a criminal proceeding. He names the state prison warden as the only Respondent. Petitioner claims that he has been sexually abused in prison, and he asks to be allowed (presumably after he serves his criminal sentence) to "stay in the U. S. . . . . so I can fight my case against my civil rights violation."

Petitioner's petition faces a threshold jurisdictional issue. "[I]n any petition for habeas corpus, the court is confronted with a threshold question whether the petitioner is 'in custody' for purposes of establishing the subject matter jurisdiction of the court." *Meck v. Commanding Officer, Valley Forge General Hospital*, 452 F.2d 758, 760 (3d Cir. 1971). Here, in order to seek habeas corpus relief from immigration authorities, Petitioner must be in federal custody. *See Garcia-Garcia v. Comport*, 66 F. Appx 155, 156 (10th Cir. 2003). Petitioner makes no allegation that he is confined pursuant to an order of the Department of Homeland Security or that immigration officials

have ordered his deportation/removal or even lodged a detainer against him.  *Cf. Zolicoffer v. U.S.*

*Dept. of Justice*, 315 F.3d 538, 541 (5th Cir. 2003) ("prisoners are not 'in custody' for purposes of 28

U.S.C. § 2241 simply because the INS has lodged a detainer against them.") (citing *Galaviz-Medina*

*v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994) ("because prisoner had a detainer *plus* a final order of

deportation against him, he was in INS 'custody' for habeas purposes").  The only indication of

Petitioner's removal status is in the state court's criminal judgment (Doc. 1, p. 11), which states,

"Upon completion of [his sentence], he shall be available for deportation by the Department of

Homeland Security."  Because the petition makes no allegation or showing that Petitioner is in

custody for purposes of § 2241, Petitioner will be required to show cause why his petition should not

be dismissed.  If Petitioner fails to respond to this Order, the petition may be dismissed without

further notice.

IT IS THEREFORE ORDERED that, within fourteen (14) days from entry of this Order,

Petitioner file a response showing cause why his petition should not be dismissed for lack of

jurisdiction.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE